OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by respondent Aaron B. Karas, Esq., for an order directing the county treasurer to release funds deposited by petitioner in the above-entitled condemnation proceeding in the amount of $4,000 and turn over said funds to respondent.
On December 29, 1980, the sum of $4,000 was deposited by the petitioner with the County Treasurer of Sullivan County pursuant to an order of condemnation of an easement for an electric transmission facility across respondent’s property pursuant to the Eminent Domain Procedure Law (EDPL).
The petitioner’s deposit was made pursuant to EDPL 402 (subd [B], par [3]) which provides:
“(B) In all acquisitions under supreme court jurisdiction provided in subdivision (B) of section five hundred one herein, the condemnor, prior to filing an acquisition map within the time prescribed by section four hundred one, shall obtain an order to acquire such property and for permission to file such map by presentation of a verified petition to the supreme court in the judicial district where the real property to be acquired or any part thereof, is situated, in accordance with the following procedure * * *
*374 “(3) The condemnor shall present to the court a petition verified by an authorized officer of the condemnor setting forth * * *
“(f) if a non-governmental condemnor subject to the jurisdiction, supervision and regulation of the public service commission or the commissioner of transportation, it shall include in its petition for acquisition, notice that it shall deposit a bond or undertaking with the clerk of the court prior to vesting of title to the real property described in such petition in an amount to be fixed by the court on the return date of the petition. The court shall direct that the bond or undertaking will be applied in the amount necessary, for any default by the condemnor in the payment of all or part of the damages determined in the acquisition proceeding or the abandonment thereof.
“The requirement for a bond or undertaking under this subdivision, may be waived by stipulation of the parties. If the amount deposited is insufficient to pay such damages and all costs and expenses awarded to a condemnee, judgment shall be entered against the condemnor for the deficiency, to be enforced and collected in the same manner as a judgment in the supreme court”.
The order which granted the petition in this proceeding directed that an “undertaking” in the amount of $4,000 be deposited. The petitioner deposited the cash.
The respondent contends that he is entitled to the deposit as it really constitutes an “advance payment” pursuant to EDPL 304 (subd [A], par [4]). This court cannot agree with the contention of the respondent.
This money was clearly not an advance payment as contemplated by the statute but was an undertaking made pursuant to EDPL 402 (subd [B], par [3], cl [f]) which is to be applied to any default by the condemnor in the payment of damages determined in the acquisition proceeding. Valuation proceedings have not yet taken place and respondent must wait until the conclusion of same to receive any payment due.
The motion by the respondent is denied.